IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| THE LAW OFFICES OF<br>JONATHAN S RESNICK, PLLC | * | Case No: 20-14188-NVA |
| Debtor | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| In re: | * | |
| THE LAW OFFICES OF<br>JONATHAN S. RESNICK, LLC | * | Case No: 20-12822-NVA<br>(Chapter 11) |
| Debtor | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| In re: | * | |
| THE LAW OFFICES OF<br>PERRY A. RESNICK, LLC | * | Case No: 20-12820-NVA<br>(Chapter 11) |
| Debtor | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**EMERGENCY MOTION FOR ORDER AUTHORIZING KRUNCHCASH, LLC'S INSPECTION OF RECORDS AND INVENTORY REGARDING DEBTORS' CASES; AND DIRECTING DEBTORS TO IMMEDIATELY PROVIDE ACCOUNTING OF IOLTA ACCOUNTS**

KrunchCash, LLC, by counsel, files this Emergency Motion for Order Authorizing KrunchCash, LLC's Inspection of Records and Inventory Regarding Debtors' Cases; and Directing Debtors to Immediately Provide Accounting of IOLTA Accounts (the "Motion"), and states:

1. On April 2, 2020, 2020, KrunchCash, LLC ("KrunchCash") filed its Emergency Motion to Dismiss Chapter 11 Cases [20-12822 Dkt. # 91; 20-12820 Dkt. # 47] (the "Motion to Dismiss") in the cases of The Law Offices of Jonathan S. Resnick, LLC (the "LLC

Debtor") and The Law Offices of Perry A. Resnick, LLC (the "PAR Debtor").[1] KrunchCash requested that the Court enter an order on an emergency basis dismissing the above-captioned bankruptcy cases.

2.  Zvi Guttman, Esq. (the "Trustee") is the chapter 11 trustee appointed in the LLC Debtor and PAR Debtor's cases.

3.  At the time that KrunchCash filed its Motion to Dismiss, The Law Offices of Jonathan S. Resnick, PLLC (the "PLLC Debtor," and together with the LLC Debtor and the PAR Debtor, the "Debtors") had been removed from these proceedings after the Debtor indicated to this Court that the PLLC Debtor had no assets and was not intended to be included on the voluntary petition for the LLC Debtor. When the PLLC Debtor clarified that it was not a chapter 11 debtor-in-possession, the Circuit Court for Baltimore City (the "State Court") immediately entered an order appointing Patricia Jefferson, Esq. (the "Receiver") as receiver of the PLLC Debtor and until the filing of the PLLC Debtor's instant chapter 11 case, the Receiver was in control of the PLLC Debtor's assets and affairs.

4.  Both the LLC Debtor's landlord and the Office of the United States Trustee have filed oppositions to the Motion to Dismiss. The landlord, Beacham Square, LLC, has included many misrepresentations of fact in its opposition, which KrunchCash intends to address at a later time to correct the record before this Court.

5.  KrunchCash has consistently maintained, since the beginning of these cases, that all three Debtors should be under the control of a single person, for the reasons set forth at the hearing (the "Hearing") before this Court on March 27, 2020, with respect to various cash collateral and wage motions that were denied by the Court when it directed the appointment of a chapter 11 trustee in the LLC Debtor and PAR Debtor's cases following the Hearing. The Motion to Dismiss was motivated by KrunchCash's desire to have all three entities under the control of the Receiver following a dismissal of the LLC Debtor and PAR Debtor's cases, since

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such terms in the Motion to Dismiss.

the Receiver has been actively engaged in tireless efforts for the past month, trying to disentangle the mess created by Jonathan Resnick, Esq. ("Resnick") and his attempts to hide assets amongst the three entities. KrunchCash continues to believe that the Receiver should be in control of all three estates.

6. When the PLLC Debtor filed its petition this week, notwithstanding the fact that it was under the control of the Receiver, it continued the quagmire that was created years ago when the Debtors started moving assets around and failing to observe corporate formalities in an attempt to shield assets from KrunchCash and other creditors. The various wrongdoings were set forth in the evidence presented at the Hearing, along with affidavits submitted by Jeffrey Hackman (CFO of KrunchCash); the Receiver; and former Debtors' employee Yvonne "Bonnie" Norfolk, which affidavits are incorporated herein and attached as **Exhibit A**.

7. Now that the PLLC Debtor is a debtor-in-possession, it is no longer under the control of the Receiver or the oversight of the State Court. Rather, the PLLC Debtor is enjoying unfettered access to the books and records maintained at the law offices identified as being the law offices of the LLC Debtor and the PAR Debtor, as well as the bank accounts holding the funds generated from Jonathan Resnick's practice of law, which KrunchCash maintains are all proceeds belonging to the PLLC Debtor for the reasons set forth at the Hearing.

8. Upon information and belief, as well as statements made by Debtors' counsel, the PLLC Debtor may consent to appointment of a chapter 11 trustee in its case, but that has not yet happened. While the Trustee currently has control over the LLC Debtor and PAR Debtor's assets and operations, it was shown at the Hearing that all bank accounts are held in the PLLC Debtor's Employee Identification Number, all taxes are paid through the PLLC Debtor, and as of 2016, Resnick moved all operations into the PLLC Debtor. *See*, attached Affidavits.

9. Thus, despite this Court's finding that Debtors were unwilling to follow corporate formalities, since the Trustee is not the appointed trustee of the PLLC Debtor at this time, Resnick has successfully regained control of millions of dollars of assets and all operations

of his law firm despite having had two courts now find that either a receiver or trustee needed to be placed in charge of the Debtors' estates.  KrunchCash has discussed with the Trustee whether he could secure all assets and estate property at the office building of the Debtors, but understandably the Trustee cannot take possession of assets or operations other than that of the LLC Debtor or PAR Debtor, and thus is hesitant to take any action that could violate the automatic stay protections afforded to the PLLC Debtor.

10. This unfettered control poses a real risk of loss to the Debtors' estates. Resnick has shown that he will misuse IOLTA account funds to pay his own expenses and even subject those funds to a lien in favor of a creditor.  *See*, IOLTA February 2020 Bank Statement, attached hereto as **Exhibit B**.  As admitted into evidence at the Hearing, the attached IOLTA bank statement reflects that expenses were improperly paid out of the IOLTA account, and the Debtors' chief financial officer, David Cohen, testified that the IOLTA account was used as collateral for a lien to a creditor named Kim Thoa.

11. KrunchCash appreciates that the Court and all parties involved are experiencing limited capabilities due to the Covid-19 pandemic, and thus seeks to limit the relief requested herein only to that relief which is absolutely necessary to preserve assets for all creditors of the Debtors.  It also seeks to limit relief to that relief that can be obtained without violation of the current "stay home" order entered with respect to Maryland residents.

12. To that end, KrunchCash seeks an order authorizing it to have physical access to the Debtors' books and records located at the premises of 3665 Old Court Road, Pikesville, MD 21208, as well as to any electronic records that evidence information regarding the Debtors' clients' non-privileged information, for the limited purpose of creating an inventory of the Debtors' cases.  Creating such an inventory will ensure that Resnick or his associates do not remove any assets of any of the Debtors' estates, and will also enable the Trustee or any subsequently-appointed trustee to identify and recover any earned fees or other assets that might have been removed during the time wherein there was no oversight of the PLLC Debtor.

13. KrunchCash will bear the cost of the collection of records and creation of an inventory, and will provide a copy of the inventory with the UST, the Trustee, and any appointed chapter 11 trustee in the PLLC Debtor's case. Furthermore, KrunchCash's access to records and production of an inventory will not interfere with any actions taken by the Trustee, nor will it in any way interfere with any rights that the PLLC Debtor currently enjoys. In fact, KrunchCash's loan documents entitle it to an inspection of the Debtor's books and records. *See, i.e.*, Guaranty and Security Agreement with PAR Debtor and with PLLC and LLC Debtors, attached collectively as **Exhibit C.**

14. In an attempt to narrowly-tailor the relief requested, KrunchCash will agree not to intentionally access any information, books or records, other than to obtain, for each case being handled by the Debtors:

   a. Client name
   b. Date of loss
   c. Liability Carrier Name and Claim Number
   d. PIP Carrier Name and Claim Number
   e. Status (i.e., active settlement, active litigation, settled (A/R))

15. There is no danger of KrunchCash accessing attorney-client privileged information, because the information it seeks has already been provided to insurance companies and other third parties by Resnick and his agents, and thus there is no privilege as to this information. Indeed, many of these cases have been publicly-filed. If the Court deems it appropriate, KrunchCash will agree to enter into a claw-back agreement with both the Trustee and the PLLC Debtor to the extent that any privileged information is inadvertently accessed, although the likelihood of that happening is extremely low.

16. Furthermore, due to the Debtors' and Resnick's repeated IOLTA account violations, coupled with Cohen's testimony that there are $800,000 in receivables that hadn't yet been deposited into any Debtors' accounts as of the Hearing, it is necessary for the PLLC Debtor to produce any accounting of its bank accounts for the past 45 days, and specifically as to any

IOLTA accounts that bear the Debtors' EIN or that were created in connection with any case handled by the Debtors.

17. KrunchCash seeks an accounting of all IOLTA accounts, including: (1) bank account number and where held; (2) name on each account; (3) EIN associated with each account; (4) daily balance in each account as of March 1, 2020 through the present; and (5) information as to all deposits and withdrawals in each account, including payee identification and amount of each transaction.

18. Finally, to the extent that the PLLC Debtor consents to appointment immediately of a chapter 11 trustee, KrunchCash will withdraw its pending Motion to Dismiss.

19. KrunchCash requests the relief herein not only to protect its own collateral, but to ensure that all parties involved in these cases do not suffer any loss due to the PLLC Debtor, and Resnick, having unfettered control over property while just days ago, it was subject to the absolute control and authority of a court-appointed receiver.

20. KrunchCash has reached out to both counsel for the Debtors and the Trustee regarding the relief requested, in an attempt to see if a consensual resolution could be reached. Upon information and belief, the Trustee is unable to review messages during the holiday weekend that started on April 8, 2020, and Debtors' counsel declined to consent to the relief although it is unclear whether Debtors will expressly object to the relief sought. Thus, given the emergency nature of the relief requested, KrunchCash determined it was appropriate and prudent to file the instant motion immediately, with the hope that either the Debtors and/or the Trustee may ultimately consent to the relief requested.

21. A motion to shorten time to respond to this Motion is being filed contemporaneously herewith, due to the emergency basis of this relief requested.

22. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) those parties who have filed a notice of appearance and request for service of pleadings in this case pursuant to Fed.R.Bankr.P. 2002; (c) the Debtors; and (d) the Trustee. KrunchCash requests that the

notices set forth in this paragraph be deemed adequate and complete under the circumstances and that any further notice of the Motion or of the relief requested herein be dispensed with and waived.

WHEREFORE, the Debtor requests that this Court enter an Order:

A.   Authorizing KrunchCash, LLC, to access the Debtors' books and records for the purpose of creating an inventory of cases handled by the Debtors, with limitations as set forth in the proposed order filed herewith.

B.   Directing each Debtor to provide an accounting, within three (3) business days, of any and all IOLTA accounts associated with any Debtor, including: (1) bank account number and where held; (2) name on each account; (3) EIN associated with each account; (4) daily balance in each account as of March 1, 2020 through the present; and (5) information as to all deposits and withdrawals in each account, including payee identification and amount of each transaction.

C.   Granting such other and further relief as this Court deems just and appropriate.

/s/ Catherine K. Hopkin
Catherine Keller Hopkin, 28257
Yumkas, Vidmar, Sweeney & Mulrenin LLC
185 Admiral Cochrane Drive, Suite 130
Annapolis, Maryland  21401
(443) 569-0788
chopkin@yvslaw.com

/s/ Gabriel Berg
Gabriel Berg, admitted *pro hac vice*
Kennedy Berg LLP
401 Broadway, Suite 1900
New York, New York  10013
(212) 899-3400
gberg@kennedyberg.com

Counsel for KrunchCash, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of April 2020, notice of the foregoing Motion was served by CM/ECF on those parties listed on the docket as being entitled to such electronic notices, which parties are identified on the attached service list.

                                              /s/ Catherine K. Hopkin
                                              Catherine Keller Hopkin

**The following parties received CM/ECF notice of the filing:**

Alan M. Grochal, Esquire
(agrochal@tydingslaw.com)
Counsel for Beacham Square, Inc.
Tydings and Rosenberg
1 East Pratt Street, Suite 901
Baltimore, Maryland  21202

Richard J. Hackerman, Esquire
(richard@richardhackerman.com)
Counsel for Fallstaff Capital Corporation
3635 Old Court Road, Suite 208
Baltimore, Maryland  21208

Catherine Keller Hopkin, Esquire
(chopkin@yvslaw.com)
Counsel for KrunchCash, LLC
Yumkas, Vidmar, Sweeney & Mulrenin
10211 Wincopin Circle, Suite 500
Columbia, Maryland  21044

Patricia B. Jefferson, Esquire
(pjefferson@milesstockbridge.com)
Miles & Stockbridge P.C.
100 Light Street, 10th Floor
Baltimore, Maryland   21202

Katherine A. Levin, Esquire
(katherine.a.levin@usdoj.gov)
Office of the U.S. Trustee
101 West Lombard Street, Suite 2625
Baltimore, Maryland  21201

Craig Palik, Esquire
(cpalik@mhlawyers.com)
Counsel for Debtor
McNamee Hosea PA
6411 Ivy Lane, Suite 200
Greenbelt, Maryland  20770

US Trustee – Baltimore
(ustpregion04.ba.ecf@usdoj.gov)
101 West Lombard Street, Suite 2625
Baltimore, Maryland  21201

Maurice Belmont VerStandig, Esquire
(mac@mbvesq.com)
Counsel for Debtor
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland  20854

Zvi Guttman
(zvi@zviguttman.com)
The Law Offices of Zvi Guttman, P.A.
P.O. Box 32308
Baltimore, MD 21282

**The following parties received a copy of the filing by first class mail, postage prepaid:**

Gabriel Berg
KENNEDY BERG LLP
401 Broadway Suite 1900
New York, NY 10013