IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| IN RE: | * | |
| THE LAW OFFICES OF JONATHAN S. RESNICK, LLC, | * | Case No. 20-12822-NVA (Chapter 11) |
| | * | |
| THE LAW OFFICE OF PERRY A. RESNICK, LLC, | * | Case No. 20-12820-NVA (Chapter 11) |
| | * | |
| THE OFFICES OF JONATHAN S. RESNICK, PLLC, | * | Case No. 20-14188-NVA (Chapter 11) |
| | * | |
| DEBTORS. | * | (Jointly Administered under Case No. 20-12822-NVA) |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## OPPOSITION TO MOTION FOR PROTECTIVE ORDER

Zvi Guttman, Chapter 11 trustee (the "Trustee") for the jointly administered bankruptcy estates of The Law Offices of Jonathan S. Resnick, LLC, et al. (the "Debtors"), by and through his undersigned counsel, hereby files this Opposition to Louis Glick's Motion for Protective Order ("Motion"; Dkt. No. 256), and in opposition states as follows:

### I.      BACKGROUND

1.      On March 3, 2020 (the "Petition Date"), the Law Offices of Jonathan S. Resnick, LLC and the Law Office of Perry A. Resnick, LLC filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  The Law Offices of Jonathan S. Resnick, PLLC filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on April 6, 2020.  The cases are jointly administered.

2.      Zvi Guttman was appointed Chapter 11 Trustee for the Debtors' estates.

3.      The Debtors are all law firms formerly run by Jonathan S. Resnick and/or his son Perry A. Resnick.

4.      Debtors all specialized in representing plaintiffs in personal injury lawsuits, generally arising from car accidents.

5.      Debtors had a high volume practice and retained additional attorneys to assist clients who had engagement agreements with the Debtors.

6.      Upon information and belief, all, or nearly all, of Debtors' work was done on a contingent fee basis.

7.      Upon information and belief, since at least mid-2019, Debtors have funneled extensive amounts of their business, clients and active cases (the "Transferred Cases") to Louis Glick ("Glick"), among others, in an attempt to circumvent the Debtors' creditors.

8.      Upon information and belief, many of the clients to whom the Transferred Cases belong were not notified that their cases were being transferred from the Debtors to Glick and understand that they are or were represented by the Debtors.

9.      Upon information and belief, significant fees were paid on Transferred Cases that were not properly remitted to the Debtors.

10.     Trustee seeks to better understand the transfer of cases and funds between the Debtors and Glick because the bankruptcy estate may well have claims or avoidance actions against Glick.

115016\000001\4827-5253-6272.v2

11.     Prior to the appointment of the Trustee, Glick shared office space with the Debtors.

12.     Upon information and belief, a large portion, if not all of Glick's personal injury practice, consisted of Transferred Cases for clients who initially retained the Debtors as counsel.

13.     On August 25, 2020, this Court entered an order allowing the Trustee to take a deposition of and seek documents from Glick under Bankruptcy Rule 2004.

14.     On October 1, 2020, the subpoena attached as **Exhibit A** was served on Glick.

## II.     ARGUMENT

15.     Glick raises two arguments in his Opposition.  First, he complains of the difficulty of compliance; and second, he claims that the client files sought by the Trustee are privileged.

16.     As to the first objection, the Trustee responds that he is willing to have the files reviewed in Glick's office.  The Trustee merely seeks access to the relevant information. If Glick will consent to allow access to the relevant files, the Trustee and/or his agent will review the same and obtain the necessary information.  Mr. Glick may accompany the Trustee and/or his agent to assist in identifying those case that are Transferred Cases and those which are unrelated to the Debtors.

17.     As for the attorney-client privilege, as an initial matter, the Trustee does not seek details of cases, but rather information regarding the names of clients, whether the clients retained the Debtors as their counsel, and the fees paid, if any, to the Debtors in relation to Transferred Cases.

18.    The attorney-client privilege does not protect the identity of the client.  *See Morris v. State*, 4 Md. App. 252, 255, 242 A.2d 559, 561 (1968) ("It appears … to be well settled that 'the rule making communications between attorney and client privileged from disclosure ordinarily does not apply where the inquiry is confined to the fact of the attorney's employment and the name of the person employing him since the privilege presupposes the relationship of client and attorney…").

19.    Likewise, the attorney-client privilege generally does not protect information regarding payment of attorney fees.  *See The Maxima Corp. v. 6933 Arlington Dev. Ltd. P'ship*, 100 Md. App. 441, 455-58, 641 A.2d 977, 983-85 (1994); *Harris v. The Baltimore Sun Co.*, 330 Md. 595, 625 A.2d 941 (1993) (public defender must comply with newspaper's request for fee information, if disclosure would not violate ethical prohibition of Md. Rule of Prof. Conduct 1.6(a), in that disclosure would not potentially harm client's interest); *Attorney Grievance Comm'n v. Zdravkovich*, 381 Md. 680, 702-03, 852 A.2d 82 (2004) (attorney's escrow account bank records not protected from disclosure in attorney disciplinary proceedings).

20.    To the extent that the Trustee may encounter information that would ordinarily be subject to the attorney-client privilege, the Trustee is the successor to the Debtor's attorney-client privilege.  *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 354, 105 S. Ct. 1986, 1994, 85 L. Ed. 2d 372 (1985).

21.    Finally, the Trustee and his counsel would be happy to enter into a reasonable confidentiality agreement with Glick to ensure that any privileged information viewed in connection with the file review would be protected.

WHEREFORE, Zvi Guttman, Chapter 11 trustee, respectfully requests that this Court enter an Order denying Glick's motion for a protective order; and granting such other and further relief as this Court deems fair and just.

DATE: October 27, 2020                                   Respectfully Submitted:


/s/ Emily K. Devan
Patricia Jefferson
  Fed. Bar No.:27668
Emily K. Devan
  Fed. Bar No.: 18595
Miles & Stockbridge P.C.
100 Light Street, 10th Floor
Baltimore, Maryland 21202
Tel: (410) 385-3420
Email: edevan@milesstockbridge.com

*Attorneys for the Chapter 11 Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 27, 2020, a true and correct copy of the foregoing Motion for 2004 Examination was served electronically by the Court's CM/ECF system on:

- Emily Devan     edevan@milesstockbridge.com
- Alan M. Grochal     agrochal@tydingslaw.com, mfink@tydingslaw.com;jmurphy@tydingslaw.com
- Zvi Guttman     zvi@zviguttman.com, zviguttman@gmail.com,zviguttman@outlook.com
- Zvi Guttman     zguttman@gmail.com, zviguttman@outlook.com,MD55@ecfcbis.com
- Richard J. Hackerman     richard@richardhackerman.com, tlhawk18@gmail.com
- Catherine Keller Hopkin     chopkin@yvslaw.com, pgomez@yvslaw.com;yvslawcmecf@gmail.com;stevenslr39990@notify.bestcase.com;hopkincr39990@notify.bestcase.com;schroppjr39990@notify.bestcase.com
- Patricia B. Jefferson     pjefferson@milesstockbridge.com
- Katherine A. (UST) Levin     Katherine.A.Levin@usdoj.gov, brenda.b.wilmore@usdoj.gov
- Craig Palik     cpalik@mhlawyers.com, dmoorehead@mhlawyers.com;cpalik@ecf.inforuptcy.com;kolivercross@mhlawyers.com
- US Trustee - Baltimore     USTPRegion04.BA.ECF@USDOJ.GOV
- Maurice Belmont VerStandig     mac@mbvesq.com, lisa@mbvesq.com

I HEREBY FURTHER CERTIFY that on October 27, 2020, a copy of the foregoing Opposition to Motion for a Protective Order was served via U.S. mail, postage prepaid, upon:

Louis J. Glick, Esquire
4001 Old Court Road, Unit 118
Pikesville, MD  21208


/s/ Emily K. Devan
Emily K. Devan