# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re _____    Case No. _____
                      Debtor

                                                              Chapter _____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: _____
                                           *(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☐ *Production:* You, or your representatives, must also provide by October 16, 2020, the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

> All documents described in Attachment A, to be provided electronically to edevan@milesstockbridge.com or by mail to Miles & Stockbridge, P.C., 100 Light Street, Baltimore, MD 21202.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____
               CLERK OF COURT

                                                        OR

               _____     _/s/ Emily K. Devan___
               *Signature of Clerk or Deputy Clerk*       *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

 *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

 *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

# RIDER TO SUBPOENA

## INSTRUCTIONS

      A.    Any document bearing on any sheet or side thereof any marks which are not a part or of the original text of any reproduction thereof, including, but not limited to, any initials, stamped indicia, comments, or notations, is to be considered a separate document and should be separately produced.

      B.    If you are asserting the attorney-client privilege, work product doctrine or any other privilege or basis as the justification for your failure to produce any document, describe the factual basis for your claim of privilege, including: (1) the nature of the document; (2) the sender(s); (3) the author(s); (4) the recipient(s); (5) the recipient(s) of each copy; (6) the date; (7) the name of each person to whom the original or any copy was circulated; (8) the names appearing on any circulation list associated with such document; (9) a summary statement of the subject matter of such document, in sufficient detail to permit the Court to make a determination regarding the validity of your claim of privilege in the event of a motion under Rule 104 of the Federal Rules of Evidence; and (10) an explanation of the basis for assertion of the privilege or the like.

      C.    If documents responsive to a request existed at one time, but have been discarded, lost or destroyed, you are asked to describe by category such documents, state the identity of the person having knowledge of the circumstances of their discard, loss or destruction, and state the date on and circumstances by which such documents were discarded, lost or destroyed.

      D.    If complete production in response to a particular request is not possible, production should be made to the extent possible with a response stating the reasons as to why only a partial production could be made.

## DEFINITIONS

      The following meaning shall be ascribed to the terms used herein:

      A.    The word "and" and the word "or" shall be construed conjunctively or disjunctively, as is necessary to make this request inclusive rather than exclusive.

      B.    The word "all" and the word "any" shall be construed conjunctively or disjunctively, as is necessary to make this request inclusive rather than exclusive.

      C.    The term "communication" shall mean any inquiry, response, discussion, conversation, negotiation, agreement, understanding, meeting, telephone conversation, letter, correspondence, note, telegram, telex, telecopy, advertisement, electronic mail message, or other form of oral or written intercourse including, without limitation, interoffice, intraoffice, intercorporate, intracorporate or principal/agent memoranda or oral discussions, however transmitted and however received.

C. The "Debtors" shall mean the Law Offices of Jonathan S. Resnick, LLC, the Law Offices of Perry A. Resnick, LLC and The Law Offices of Jonathan S. Resnick, PLLC, and each of their predecessors, successors, agents, employees, members, officers, directors, attorneys and any and all other persons acting on their behalf.

D. "Documents" and "Document" have the same full meaning as in Rule 34 of the Federal Rules of Civil Procedure and Rule 7034 of the Federal Rules of Bankruptcy Procedure and includes the original, any draft (whether disseminated or not) and any copy, regardless of origin or location, of any correspondence, letter, memorandum, electronic mail (email), statement, summary, outline, contract, agreement, book, pamphlet, periodical, telegram, telecopy, telefax, wire, cable, record, study, report, schedule, diary, desk calendar, organizer, appointment book, photograph, reproduction, map, survey, drawing, chart, model, index, tape, data sheet or data processing card, computerized information, data base or disk (including without limitation hard, soft, floppy or compact), invoice, purchase order, ledger, journal, check (front and back), check stub, note, bond, assignment, transfer, account statement, tax report, tax schedule, financial statement, workpaper, business form, timesheet, log, inventory, print-out, computer tape and notes of meetings, conferences, conversations or telephone conversations and any and all other written, printed, telecopied, telefaxed, transcribed, punched, taped, stored, filmed and graphic matter, however produced or reproduced, and specifically includes any preliminary note, outline, or draft of any of the foregoing, in your custody, possession, or control.

E. The term "Resnick" shall mean Jonathan S. Resnick, and his agents, employees and assigns.

F. The term "person" shall be deemed to include any natural person, firm, corporation, partnership, proprietorship, association, trust, joint venture, business organization or government entity and any agency or department thereof.

G. The term "present" shall mean the date when responses to the attached Subpoena are due.

H. The term "relate," "related" or "relating to" shall mean pertaining to, concerning, referring to, consisting of, respecting, reflecting, embodying, involving, regarding, discussing, or connecting to the subject matter of the request, and shall be construed so as to encompass the full scope of discovery set forth in Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Civil Procedure 26(b)(1).

I. The terms "You" or "Your" shall refer to the person to whom this subpoena is addressed and such person's agents and assigns and any law firm which such person owns and such law firm's agents and employees, or if such person is an entity, such person's predecessors, successors, agents, employees, officers, directors, members, attorneys and any and all other persons acting on such person's behalf.

-2-

## DOCUMENTS REQUESTED

1. Any and all documents concerning Your employment and/or compensation agreements with the Debtors.

2. Documents referencing all payments made by the Debtors to the You from January 1, 2018 to present.

3. Documents concerning the transfer from and/or joint representation of any clients, matters, files or cases between the Debtors and You from January 1, 2018 to present.

4. Documents evidencing all communications with insurance companies in cases that were or are transferred to the You by Debtors and/or involve a joint representation with Debtors.

5. Documents concerning the amounts of any settlements obtained by You from January 1, 2018 to present, for Debtors' former clients, present clients or jointly represented client.

6. Engagement agreements with any clients whose matters were transferred or referred by the Debtors to You or whom You jointly represented with the Debtors.

7. Documents evidencing any amounts received for representation of former clients, present clients or jointly represented clients of the Debtors.

8. Communications between the Debtors and You from November 1, 2018-present.

## Deposition Topics

1. Your employment and/or compensation agreements with the Debtors.

2. All payments made by the Debtors to the You from January 1, 2018 to present.

3. The transfer from and/or joint representation of any clients, matters, files or cases between the Debtors and You from January 1, 2018 to present.

4. Communications with insurance companies in cases that were or are transferred to the You by Debtors and/or involve a joint representation with Debtors.

5. Settlements obtained by You from January 1, 2018 to present, for Debtors' former clients, present clients or jointly represented client.

-3-

-4-

6. Matters transferred or referred by the Debtors to You or clients whom You jointly represented with the Debtors.

7. Representation of former clients, present clients or jointly represented clients of the Debtors.

8. Communications between the Debtors and You from November 1, 2018-present.



NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | | |
|---|---|---|
| IN RE: | * | |
| **THE LAW OFFICES OF JONATHAN S. RESNICK, LLC,** | * | Case No. 20-12822-NVA (Chapter 11) |
| | * | |
| **THE LAW OFFICES OF PERRY A. RESNICK, LLC,** | * | Case No. 20-12820-NVA (Chapter 11) |
| **THE OFFICES OF JONATHAN S. RESNICK, PLLC,** | * | Case No. 20-14188-NVA (Chapter 11) |
| | * | |
| DEBTORS. | * | (Jointly Administered under Case No. 20-12822-NVA) |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION TO TAKE RULE 2004 EXAMINATION OF CERTAIN LAW FIRMS AND ATTORNEYS

Upon consideration of the Motion of Zvi Guttman, Chapter 11 Trustee (the "Trustee") for Authority to Take Rule 2004 Examination; it appearing that adequate and sufficient notice of the Motion has been given; after careful deliberation being given to any objections filed to the Motion; and it appearing that cause exists for permitting the Rule 2004 examination, it is, by the United States Bankruptcy Court for the District of Maryland:

1

**ORDERED**, that the Trustee may examine Law Offices of Gwen-Marie Davis Hicks, RPP Law, DMV Law Center & Associates, D'Amore Personal Injury Law, LLC, The Law Offices of Louis J. Glick (together, the "Law Offices") and Gwen-Marie Davis Hicks, Frederic Cook, III, Paul N. Hollifield and Ryan P. Palmer (together the "Attorneys") pursuant to Federal Rule of Bankruptcy Procedure 2004; and it is further

**ORDERED,** that the Attorneys and designated representatives for the Law Firms appear for oral examination to be taken via videoconferencing, on a date or dates scheduled by mutual agreement of the parties or, failing that, upon not less than ten (10) days' notice being given, and respond to the Trustee's inquiries including, but not limited to, inquiries regarding: (a) the settlements involving former clients of the Debtors; (b) their employment and/or agreements with the Debtors; and (c) any work transferred by the Debtors to the Law Firms; and it is further

**ORDERED,** that the Law Firms and Attorneys produce the documents requested in subpoenas *duces tecum* issued by the Trustee; and it is further

**ORDERED,** that the Law Firms and Attorneys produce detailed privilege logs for documents withheld on the basis of attorney-client privilege; and it is further

**ORDERED,** that this Court shall retain jurisdiction with respect to all disputes arising from or related to the implementation or interpretation of this Order.

cc:

    Office of the United States Trustee
    101 West Lombard Street, Suite 2625
    Baltimore, MD 21201

    Patricia B. Jefferson, Esquire
    Counsel to the Chapter 11 Trustee
    100 Light Street, 10th Floor
    Baltimore, MD 21202

Louis J. Glick, Esquire
4001 Old Court Road, Unit 118
Pikesville, MD 21208

D'Amore Personal Injury Law, LLC
888 Bestgate Road, Suite 205
Annapolis, MD 21401

Law Office of Gwen-Marie Davis Hicks, LLC
7749 Valley Oak Drive
Elkridge, MD 21075
Attn: Gwen-Mark Davis, Resident Agent

Gwen-Marie Davis Hicks
4200 Parliament Place, Suite 510
Lanham, MD 20706

Paul N. Hollifield, Esquire
7 Ansari Court
Baldwin, MD 21013

Ryan P. Palmer, Esquire
t/a RPPLAW
1913 St. Paul Street, Suite 100
Baltimore, Maryland 21218

Frederic Cook, Esquire
Fredlaw, LLC
121 Archer Street
Bel Air, MD 21014

## **END OF ORDER**

3